The Honorable L.L. "Doc" Bryan State Representative 305 South VanCouver Russellville, AR 72801
Dear Representative Bryan:
This is in response to your request for an opinion on whether a board member of an Arkansas University can sell products to the school if competitive bids have been taken. In my opinion, the answer to your question is a qualified "yes."
Although there appears to be no express prohibition against such a sale, the board member must comply with other provisions of the law surrounding it. Firstly, the board member is prohibited by A.C.A. 19-11-705 from participating directly or indirectly in the decision-making process concerning the sale. To do so would be a breach of ethical standards. A.C.A. 19-11-705(a). See also Opinion No.86-402, a copy of which is enclosed.
Similarly, the board member cannot use his position to secure "special privileges" for himself or certain other persons. A.C.A. 21-8-304. The mere fact of a sale of products by the board member to the institution would generally not, without more, be violative of this provision, but it is conceivable that under certain circumstances such a sale could constitute a violation of this provision. Reference in each instance will have to be given the specific facts at hand. See generally Opinion No. 83-133 a copy of which is enclosed.
Secondly, the board member must comply with 21-8-701(j) of the Disclosure Act for Lobbyists and State Officials. That section requires that certain elements of the sale be set out in detail in the board member's statement of financial interest.
Thirdly, the sale itself must comply with A.C.A. 19-11-228
which requires competitive sealed bidding with certain exceptions.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb Enclosures